IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS HORTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:21-cv-1542 |
| MULTIPLAN, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, MultiPlan, Inc. ("MultiPlan"), by and through undersigned counsel, and with a full reservation of rights, hereby removes the above-titled matter, *Lucas Horton v. MultiPlan, Inc.*, bearing Docket No. JS21-00180D, from the Dallas County Justice Court, Precinct 2, Place 1, Dallas County, Texas (the "State Court Action"), where it is currently pending, to the United States District Court for the Northern District of Texas, Dallas Division, and as grounds therefor, alleges as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1. On or about June 1, 2021, Lucas Horton ("Plaintiff"), proceeding *pro se*, filed a statement of claims/petition ("Petition") which is now pending in the Dallas County Justice Court, Precinct 2, Place 1, in and for the County of Dallas, Texas, bearing Docket No. JS21-00180D, which is within the Northern District of Texas, Dallas Division.

2. On or about June, 9, 2021, MultiPlan was served with a copy of the Petition. Therefore, this Notice of Removal is timely, as it is being filed within thirty (30) days of the date that MultiPlan was served with a copy of the Petition in accordance with 28 U.S.C. §§ 1441 and 1446.

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon MultiPlan in the State Court Action are attached hereto as **Exhibit C**.

## BASIS FOR REMOVAL

### *Federal Question Jurisdiction*

4. In his Petition, Plaintiff alleges that he received unwanted and unsolicited telemarketing calls to purchase health insurance from MultiPlan.[1]  *See, e.g.,* Pet. ¶¶ 2, 4, 19, 24, 27. Plaintiff further alleges that he never provided his telephone number to MultiPlan and that he never provided any form of express consent prior to receiving the unwanted calls. *See id*. at ¶¶ 19, 24, 25, 26. As a result, Plaintiff alleges that MultiPlan has violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Id.* at ¶¶ 6, 8, 12, 14, 16, 29. In addition to TCPA violations, Plaintiff also alleges that MultiPlan has violated analogous Texas state law. *Id*. at ¶¶ 8 and 29.

5. As these allegations make clear, the crux of Plaintiff's Petition is that he seeks relief under federal law. The Petition could have originally been filed in this District Court pursuant to 28 U.S.C. § 1331, in that it is a civil action arising under the laws of the United States, specifically the TCPA. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-387 (2012) (holding that federal question jurisdiction exists under 28 U.S.C. § 1331 for consumer claims for damages brought under TCPA); *Thompson v. Wells Fargo Bank, N.A.*, CV H-15-598, 2016 WL 164114, at *2 (S.D. Tex. Jan. 14, 2016) ("The court has federal-question jurisdiction over the TCPA claim"). Additionally, the fact that a state court might also have jurisdiction over this action does not divest this Court of jurisdiction. *Mims*, 565 U.S. at 372 ("We hold, therefore, that federal and state courts have concurrent jurisdiction over private suits arising under the

---

[1] Notably, MultiPlan does not sell health insurance policies to consumers nor does MultiPlan market to members or individuals via telephone, electronic mail, fax, or any other means.

TCPA."); *see also Schopp v. Fora Fin. Holdings, LLC*, 4:16CV128, 2016 WL 878325, at *2 (E.D. Tex. Mar. 7, 2016), *rec. adopted*, 2016 WL 1572351 (E.D. Tex. Apr. 19, 2016) ("The fact that state and federal courts may have concurrent jurisdiction over his TCPA claims also does not divest the Court of federal question jurisdiction or preclude removal."). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be properly removed to this District Court pursuant to 28 U.S.C. § 1441(a).

### *Supplemental Jurisdiction*

6. To the extent that federal question jurisdiction does not exist for all claims asserted by Plaintiff, all of those claims should still remain in this District Court under 28 U.S.C. § 1367(a) because Plaintiff's claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *Wass v. Amerigroup Tex., Inc.*, 4:20-CV-00445-BP, 2020 WL 4464361, at *2 (N.D. Tex. Aug. 3, 2020). The claims in this case are clearly so related. *See, e.g., Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) ("The Texas TCPA proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of the Texas TCPA."). Thus, to the extent that any cause of action is not governed by the TCPA, this District Court has supplemental jurisdiction over any otherwise non-removable cause of action and may determine all issues therein. *See Wass*, 2020 WL 4464361, at *2 (finding exercise of supplemental jurisdiction proper where it was clear on the face of the pleadings that both the federal and state claims "concern the same core factual issue: telephone communications" from defendant to plaintiff).

## **PROCEDURAL REQUIREMENTS FOR REMOVAL**

7. The procedural requirements for removal in 28 U.S.C. § 1446 are all satisfied here.

8. Subsection (a) of that provision requires the removing party to file a notice of removal, signed in accordance with Federal Rule of Civil Procedure 11, "in the district court of the United States for the district and division within which such action is pending," which MultiPlan has done through the filing of this Notice of Removal.

9. Additionally, under 28 U.S.C. § 1441(a), removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." Venue is therefore proper in this Court pursuant to § 1441(a) and § 1446(a), as the Dallas County Justice Court, Dallas County, Texas, in which this action is pending, is within the jurisdictional confines of the Northern District of Texas, Dallas Division.

10. MultiPlan was served with the Petition on June 9, 2021. Therefore, because this Notice of Removal is being filed within thirty (30) days after the receipt by MultiPlan, through service of process or otherwise, of a copy of Plaintiff's Petition, removal is timely under 28 U.S.C. § 1446(b).

11. Upon the filing of this Notice of Removal, MultiPlan has, at the same time, provided notice to Plaintiff pursuant to 28 U.S.C. § 1446(d), by furnishing a copy of this Notice and all attachments hereto to Plaintiff, and will simultaneously provide notice to the Clerk of Court for the Dallas County Justice Court, Precinct 2, Place 1, Dallas County, Texas, through the filing of this Notice of Removal and a separate Notice to State Court of Removal of Civil Action.

12. MultiPlan files this Notice without waiving any defenses, arguments, objections, obligations, or principles of law or equity that may exist in its favor in state or federal court,

including, but not limited to, the right to object to jurisdiction over the person, service of process, or the sufficiency of process, or the right to seek dismissal of the Petition, compel arbitration, or both, as permitted by the Federal Rules of Civil Procedure or by state or federal law, and expressly reserves its right to assert any and all defenses and objections to which it may be entitled in subsequent proceedings.

13. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of Texas, and for the reasons set forth above, Plaintiff's claims and causes of actions are believed to be removable to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. MultiPlan therefore requests that this Court assume full jurisdiction over this action.

**WHEREFORE**, MultiPlan respectfully gives notice to this Court that the above-styled civil action has been removed from the Dallas County Justice Court, Precinct 2, Place 1, Dallas County, Texas to the United States District Court for the Northern District of Texas in accordance with the foregoing legal authorities and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, for further proceedings and disposition, and that the parties are to take no further action with regard to this matter in the state court. MultiPlan also prays that it be granted all such other and further relief as this Court deems just and proper on the grounds asserted in this Notice of Removal and states that no previous application has been made for the relief prayed for herein.

Dated: July 2, 2021.

        Respectfully submitted,

        */s/ Jennifer K. Clewis*
        Jennifer K. Clewis
        State Bar No. 24097509
        **PHELPS DUNBAR LLP**
        Southlake Town Square
        115 Grand Avenue, Suite 222
        Southlake, Texas  76092-7629
        Telephone: (817) 305-0342
        Facsimile: (817) 488-3214
        jennifer.clewis@phelps.com

        **ATTORNEY FOR MULTIPLAN, INC.**

**OF COUNSEL:**

Errol J. King, Jr.
Taylor J. Crousillac
Katherine Cicardo Mannino
**PHELPS DUNBAR LLP**
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197
errol.king@phelps.com
taylor.crousillac@phelps.com
katie.mannino@phelps.com

**ATTORNEYS FOR MULTIPLAN, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July 2021, I electronically filed the enclosed Notice of Removal and attached exhibits, and this Certificate of Service, through the Court's CM/ECF filing system, and one copy of same was served upon Plaintiff by United States mail, properly addressed and first-class postage prepaid.

*/s/ Jennifer K. Clewis*
Jennifer K. Clewis