**STATEMENT OF CLAIMS**  Case No. JS21 00180 D
**SMALL CLAIMS COURT OF DALLAS COUNTY, TEXAS**  Precinct/County 005
  Receipt No. _____

PLAINTIFF(S): _____Lucas Horton_____

STREET ADDRESS: _____1202 Stratford Dr_____

CITY, STATE, ZIP CODE: ____Richardson, TX 75080_____

HOME PHONE: _214 909 3341_____    EMAIL: ___Lucas@valeriafinejewelry.com_

BUSINESS PHONE: _____

VS.

DEFENDANT(S): _____Multiplan, Inc_____

STREET ADDRESS: ___115 5th Ave 7th Floor_____

CITY, STATE, ZIP CODE: __New York, New York, 10003_____

HOME PHONE: _____    EMAIL: _____

BUSINESS PHONE: ___800-677-1098_____

*RECEIVED JUN 0 1 2021 BY:*

PERSON(S) TO BE SERVED: _____CSC_____

STREET ADDRESS: _____80 Albany St_____

CITY, STATE, ZIP CODE: _____Albany, New York, 12207_____

PHONE: __866-403-5273_____

*********************************************************************

_x___ Defendant(s) is/are justly indebted to Plaintiff(s) in the sum of $ __7500___, along with costs of court for the following reason(s). _____See Attached_____

**OR**

_____ Defendant(s) is/are justly indebted to Plaintiff(s) for *return of the following described property* for the following reason(s):

_____

_____

_____ valued at $_____.

*Judge Margaret O'Brien, Justice of the Peace 2-1*
140 N. Garland Avenue, Garland, TX 75040
Phone: (214) 643-4773 • Fax (214) 643-4772
E-mail: JP21Court@dallascounty.org • Website: www.JudgeMO.org

AND there are no counterclaims existing in favor of Defendant(s) against Plaintiff(s) except: _____.

PLAINTIFF(s) REQUEST (s): a judgment for a sum of money against Defendant(s), plus pre-judgment interest, plus reasonable attorney fees, plus all costs of court, plus post-judgment interest at the highest legal rate.

_____
Plaintiff's Attorney

_____
Address and Suite No.

_____  _____  _____
City          State        Zip

_____  _____
Phone         Fax

_____
Bar Card # 

ANY LEGAL QUESTIONS WILL NOT BE ANSWERED BY THIS COURT.
LEGAL AID: 214-748-1234
*Information on Small Claims maybe found on our website: www.JudgeMO.org*

<u>Unsworn Declaration</u>
*(Texas Civil Practice and Remedies Code, Section 132.001)*

I am the        __X__ Plaintiff     _____ Attorney of Record for the Plaintiff in this proceeding
_____Lucas Horton_____
   Printed Name
_____1202 Stratford Dr, Richardson, TX 75080_____
   Street Address/City/ State/Zip
____214 909 3341_____
   Phone Number/Fax Number

*I declare under penalty of perjury that all information in the attached document titled, Statement of Claims, is true and correct.*

*Penalty for making or using a false affidavit – a person who makes or uses an affidavit knowing it to be false, shall be fined as provided in title 18 United States Code, or imprisoned for not more than one year, or both.*

_____[signature]_____          _____5-29-21_____
        Signature                              Date

*Judge Margaret O'Brien, Justice of the Peace 2-1*
140 N. Garland Avenue, Garland, TX 75040
Phone: (214) 643-4773 • Fax (214) 643-4772
E-mail: JP21Court@dallascounty.org • Website: www.JudgeMO.org

| | | |
|---|---|---|
| LUCAS HORTON, | § | IN THE DALLAS COUNTY |
| Plaintiff, | § | |
| | § | JUSTICE COURT |
| v. | § | |
| | § | |
| | § | PRECINCT 2, PLACE 1 |
| Multiplan, Inc | § | |
| | § | |
| | § | |
| Defendant. | § | DALLAS, TEXAS |

### 1. PARTIES

2. Plaintiff is an individual who resides in Dallas, Dallas County, Texas.

3. Defendant is a corporation incorporated and existing under the laws of the State of New York whose primary place of business and corporate headquarters is located at 115 5th Ave 7th Floor, New York, New York 10003

### 1. COMMON FACTUAL ALLEGATIONS

4. Defendant and its proxies place unwanted telemarketing calls to solicit consumers to purchase health insurance that it is a party to.

5. All of the calls at issue in this case were made on behalf of, for the benefit of, and with the knowledge and approval of Defendant.

6. Unfortunately for consumers, Defendant, in an attempt to sell more health insurance, engages in an aggressive telemarketing campaign that includes violating the TCPA thousands of times a day.

7. Specifically, Defendant (or a third-party acting on its behalf and for its benefit) places unsolicited telemarketing calls to consumers that sometimes feature an artificial

and/or prerecorded voice.

8. Rather than adhere to the requisite rules regarding obtaining consent prior to engaging in telemarketing, Defendant (or a third-party acting on its behalf or for its benefit) places repeated calls to consumers who have never provided consent (either orally or in writing) to receive such calls. By placing the calls without first obtaining prior express written consent, Defendant plainly violates of the TCPA, 47 U.S.C. § 227, *et seq* and also TX 305.

9. By making unauthorized telemarketing calls as alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost ability to place outgoing calls and other interruption in use, cellular minutes, loss of value realized for the monies consumers paid to their carriers for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans.

10. Furthermore, Defendant (or a third-party acting on its behalf and for its benefit) made the calls knowing that the calls trespassed against and interfered with Plaintiff use and enjoyment of, and the ability to access, their telephones, including the related data, software, applications, and hardware components.

11. Defendant or its proxies knowingly made, and continues to make, repeated prerecorded telemarketing calls to consumers' telephones without the prior express consent of the recipients.

12. As such, Defendant not only invaded the personal privacy of Plaintiff it also

intentionally, repeatedly, and willfully violated the TCPA.

13. The calls were made by or on Defendant's behalf and with its knowledge and approval. Defendant either knew about the calls, received the benefits of the calls, directed that the calls be made, and/or ratified the making of the calls.

14. The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case.

15. In response to Defendant's unlawful conduct, Plaintiff files the lawsuit and seeks an injunction requiring Defendant and its proxies to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

16. Defendant is involved in multiple class action lawsuits for violating the TCPA such as *PHYSICIANS HEALTHSOURCE, INC v Multiplan, Callier v Multiplan, and Liou v Multiplan*. This demonstrates a proven track record of disregard for the TCPA.

### 1. FACTS SPECIFIC TO PLAINTIFF

17. Plaintiff is the owner and customary user of a cellphone number ending in 3341.

18. Plaintiff has been on the national DNC list since 2011.

19. At no time did Plaintiff ever provide his cellphone number to Defendant or provide Defendant, or any of Defendant's agents or contractors, with prior express consent to call.

20. Plaintiff was called by 779-680-8982 on 8/29/2019, 737 238-2962 on 9/18/2019 and 9/23/2019, and 925-239-0571 on 10/4/2019. Each of these calls featured a prerecorded message offering health insurance from a generic company name. After pressing 2 on the 10/4/2019 call, Plaintiff pressed 2 to talk to an operator and tried to buy insurance

to find out who was behind the call. Plaintiff went along with the process until the operator asked him to release him of any TCPA liability. Plaintiff balked and was hung up on. On 10/14/2019, Plaintiff was called by 888-636-3834 and this time completed a dummy sale to identify the caller, resulting in the purchase of a health insurance plan with a Member ID of HCP4715900 and a Group Number of 001AFXH.
Plaintiff purchased an insurance policy to see who was behind the illegal calls.

21. The call was made by or on behalf of Defendant for the purpose of selling Defendant's products and services. Here, the call was made by employees or agents of Defendant, at the direction of Defendant, in accordance with a contract with Defendant, and with Defendant's substantial oversight and control.

22. Defendant knew about the calls, directed the making of the calls, ratified the calls by approving them and/or knowingly receiving the benefits from them, and otherwise benefitted from the calls.

23. All of the calls attempted to solicit Plaintiff to purchase the health insurance plans that Defendant is party to and directly benefits from each month the Plaintiff paid the premium.

24. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendant, had never provided his telephone number directly to Defendant, and had never requested that Defendant place calls to him or to offer him any services.

25. Simply put, Plaintiff has never provided any form of prior express consent to Defendant, or to anyone acting on Defendant's behalf, to place telemarketing calls to his phone number.

26. Defendant was, and still is, aware that the above-described telemarketing calls were

made to consumers like Plaintiff who never provided prior express consent to receive them.

27. By making unsolicited calls as alleged herein, Defendant has caused Plaintiff actual harm, including: (a) the aggravation, nuisance, and invasions of privacy that result from the placement of such calls, (b) wear and tear on their telephones, (c) interference with the use of their phones, (d) consumption of battery life, (e) loss of value realized for monies consumers paid to their wireless carriers for the receipt of such calls, and (f) the diminished use, enjoyment, value, and utility of their telephone plans.

28. Furthermore, Defendant made the calls knowing they trespassed against and interfered with Plaintiff's use and enjoyment of, and the ability to access their phones, including the related data, software, and hardware components.

29. To redress these injuries, Plaintiff, brings this suit under the TX 305 and TCPA, which prohibit unsolicited telemarketing calls to consumers' telephones and demands $1500 per call ($7500 total) together with costs and pre- and post-judgment interest.