IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS HORTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:21-cv-1542 |
| MULTIPLAN, INC., | § | |
| | § | |
| Defendant. | § | |

**MULTIPLAN, INC.'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant MultiPlan, Inc. ("MultiPlan") has moved for dismissal of Plaintiff's Third Amended Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. (Doc. 14) Plaintiff has filed an Opposition (Doc. 16), and MultiPlan offers the following brief comments in reply.

**I.      The Court Lacks Subject Matter Jurisdiction**

As fully explained in MultiPlan's Motion to Dismiss, the automated call ban, 47 U.S.C. § 227(b)(1)(A)(iii), was unconstitutional between November 2, 2015 and July 6, 2020—during which time Plaintiff allegedly received the calls. *See Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020) (hereinafter "*AAPC*"); *Cunningham v. Matrix Fin. Services, LLC*, 4:19-CV-896, 2021 WL 1226618 (E.D. Tex. Mar. 31, 2021).  Accordingly, this Court is without authority to enforce the only TCPA claims asserted by Plaintiff in this case.[1]

---

[1] In his Opposition, Plaintiff clarifies that the only TCPA claims he asserts in this case have been made under 47 U.S.C. § 227(b)(1)(A)(iii).  (*See* Doc. 16, p. 31)  Thus, his claims must be dismissed in their entirety.

In his Opposition, Plaintiff cites to a series of cases from outside of the Fifth Circuit which have found that the Supreme Court's *AAPC* ruling does not mean that the entirety of § 227(b)(1)(A)(iii) was unconstitutional during the relevant time period, only that the government-debt exception was unconstitutional.[2]  Thus, these courts reason that a plaintiff may still assert claims under the portions of § 227(b)(1)(A)(iii) that were unaltered by *AAPC*.  The Fifth Circuit has yet to address this issue.  However, while the federal courts across the country addressing this issue have admittedly been split, the majority of district courts within this Circuit have found that the Supreme Court's *AAPC* ruling does not mean that only the government-debt exception was unconstitutional, but that the entirety of § 227(b)(1)(A)(iii) had no legal effect between November 2, 2015 and July 6, 2020.  *See Cunningham v. Matrix Fin. Services, LLC*, 4:19-CV-896, 2021 WL 1226618, at *11 (E.D. Tex. Mar. 31, 2021); *Creasy v. Charter Communications, Inc.*, 489 F. Supp. 3d 499, 506-8 (E.D. La. 2020).[3]  The reasoning contained in the *Cunningham* and *Creasy* opinions is sound and adequately disposes of the arguments raised by Plaintiff in his Opposition.

For example, Plaintiff relies heavily on footnote 12 of *AAPC* where it is stated: "our decision today does not negate the liability of parties who made robocalls covered by the robocall

---

[2] The government-debt exception is contained at the end of 47 U.S.C. § 227(b)(1)(A)(iii), which states: "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, *unless such call is made solely to collect a debt owed to or guaranteed by the United States*."  (emphasis added).

[3] Recently, a court within the Northern District of Texas disagreed with *Cunningham* and *Creasy*.  *See Cano v. Assured Auto Group*, 3:20-CV-3501-G, 2021 WL 3036933 (N.D. Tex. July 19, 2021).  However, absent any guidance from the Fifth Circuit on the issue, this Court is not bound to follow that decision.  *See, e.g., Ndudzi v. Perez,* 509 F. Supp. 3d 943, 949 (S.D. Tex. 2020) ("It is axiomatic that this Court is not bound by the opinions of other district judges— in 'either a different judicial district, the same judicial district, or even upon the same judge in a different case.'") (quoting *Camreta v. Greene*, 563 U.S. 692, 709, at fn. 7 (2011)).

restriction." *Id*. at 2355, fn.12.  To be clear, footnote 12, is *not* the opinion of the Court.  As explained in *Creasy*, footnote 12 is clearly "obiter dictum" of just three Justices and was correctly characterized by Justices Gorsuch and Thomas in their concurring and dissenting opinions as only a non-binding "suggestion." 489 F. Supp. 3d at fn. 4; *AAPC* at 2363 (Gorsuch, J., concurring in the judgment in part and dissenting in part); *see also Cunningham,* 2021 WL 1226618, at *7 ("For starters, footnote twelve is, by definition, dictum.").  Thus, the *AAPC* court did not actually address the potential retroactive effect of its ruling.

As explained by the *Cunningham* court, "[i]n *AAPC*, the Supreme Court drew two conclusions: (1) the government-debt exception was unconstitutional under the First Amendment, and (2) the proper course of action to fix this issue was to sever the government-debt exception from the rest of the statute." 2021 WL 1226618, at *5.  Plaintiff argues that *AAPC*'s severance of the exception to the rule has no bearing on the constitutionality of the rule itself to which the exception was contained.  This logic is flawed.  As explained in *Creasy*, "the exception and the rule are in fact inextricably intertwined for the purposes of any reasonable analysis." 489 F. Supp. 3d at 506; *see also Cunningham*, 2021 WL 1226618, at *9 ("the root of § 227(b)(1)(A)(iii)'s constitutional infirmity stems from the government-debt exception's commingling with the pre-2015 version of § 227(b)(1)(A)(iii). Therefore, fundamental legal logic dictates that whenever the government-debt exception actually interacted with the pre-2015 version of § 227(b)(1)(A)(iii), all violations of § 227(b)(1)(A)(iii) were legally flawed, as they are unable to withstand constitutional scrutiny.").  Thus, "the *entirety* of the pre-severance version of § 227(b)(1)(A)(iii) *is* void because it *itself* was repugnant to the Constitution before the Supreme Court restored it to constitutional health in *AAPC*." *Creasy,* 489 F. Supp. 3d at 507 (emphasis in original).

Consequently, seeing as the § 227(b)(1)(A)(iii) violations Plaintiff alleges occurred during August through October 2019, these statutory offenses are not constitutionally sound—and are therefore inoperative. *See Cunningham*, 2021 WL 1226618, at *11. Thus, considering that the federal question forming the basis of the Court's subject matter jurisdiction is no longer present, the Court must dismiss this case for lack of subject matter jurisdiction.[4]

## II.     Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted

As also explained fully in MultiPlan's Motion to Dismiss, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) on multiple grounds for failure to state a claim upon which relief can be granted. First, Plaintiff failed to plead any actual factual content that would allow the Court to draw the reasonable inference that MultiPlan made any of the allegedly unlawful calls at issue in this case. Plaintiff's assertions on who made the alleged calls at issue are simply unsupported conclusions. Second, Plaintiff failed to raise a cognizable cause of action under 47 U.S.C. §§ 227(b)(1)(B) and (c) because these provisions of the TCPA apply only to residential phone numbers, not cell phone numbers. Plaintiff is clear in his Complaint that the alleged unlawful calls he received were made to his cellphone. Finally, without a viable federal TCPA claim, Plaintiff's state law claim also fails.

As an initial matter, in his Opposition, Plaintiff concedes that he is not asserting claims under 47 U.S.C. §§ 227(b)(1)(B) and (c). (Doc. 16, p. 31) ("The Plaintiff did not and doesn't need to make 47 U.S.C. §§ 227(b)(1)(B) and (c). His claim is under the Texas 305 and consequently 47 U.S.C. § 227(b)(1)(A)(iii)"). Accordingly, to the extent Plaintiff did attempt to assert such claims

---

[4] Notably, as explained fully in MultiPlan's Motion to Dismiss, Plaintiff also lacks standing to bring these claims for multiple reasons including the fact that the telephone number allegedly called is used by Plaintiff as a business telephone number falling outside the TCPA. In his Opposition, Plaintiff admits this point when he states "[a]t one time, it was the phone number for Valeria Fine Jewelry." (Doc. 16, p. 8-9) Thus, the telephone number allegedly at issue was never truly a residential line entitled to protection under the TCPA.

in his Complaint, *see* Doc. 12, ¶ 29, they should be dismissed with prejudice.[5]  *See, e.g., Nelson v. Lowe's Home Centers, Inc.*, 3:11-CV-1497-B, 2012 WL 3731092, at *3 (N.D. Tex. Aug. 29, 2012) ("Through this concession and request, Plaintiffs in effect state that they no longer wish to pursue Bocanegra's and McBroom's discrimination claims. Accordingly, Bocanegra's and McBroom's discrimination claims are hereby DISMISSED."); *see also Esfeller v. O'Keefe*, CIV.A. 08-63-JVP-CN, 2008 WL 2234056, at *4 (M.D. La. May 30, 2008).

Moreover, Plaintiff also concedes in his Opposition that he is not contending that it was MultiPlan who made the alleged unlawful calls that he received. (Doc. 16, p. 26) ("The Plaintiff never asserted that MultiPlan actually made the calls").  Instead, Plaintiff now argues that while MultiPlan did not make the calls at issue, the alleged calls were made on MutliPlan's behalf by American Financial Security Life Insurance Company ("AFSLIC").  According to Plaintiff, MultiPlan is vicariously liable for the calls made by AFSLIC because AFSCLIC is a client of MultiPlan who "is the payor to the Defendant for the policy purchased by the Plaintiff." *Id.* at 30. However, Plaintiff's actual Complaint is devoid of these specific allegations. Thus, they should not now be considered by the Court. *See Parsons v. Deutsche Bank Nat'l Tr. Co.*, 3:18-CV-1287-L-BN, 2019 WL 462807, at *6 (N.D. Tex. Jan. 22, 2019) ("The new allegation contained in Plaintiff's response to the motion to dismiss – that the transaction was never consummated – is not appropriately considered in a Rule 12(b)(6) motion, which evaluates the sufficiency of the complaint itself and does not consider allegations not contained in the pleading") (internal quotations omitted); *Longmire v. Wells Fargo Bank, N.A.*, 3:16-CV-2367-M-BN, 2017 WL 4075187, at *5 (N.D. Tex. Aug. 16, 2017).

---

[5] Even without Plaintiff's concession, these claims were properly subject to dismissal because Plaintiff's cell phone number is not a residential phone number protected under such provisions of the TCPA.  *See Cunningham v. Politi*, No. 18-CV-00362, 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019).

Regardless, even if the Court were to consider Plaintiff's agency "allegations," he has still failed to state a claim. Notably, "[n]either the Supreme Court nor the Fifth Circuit has addressed whether a defendant can be held vicariously liable under the TCPA." *Cunningham v. Nationwide Sec. Sols., Inc.*, 3:17-CV-00337-M, 2017 WL 10486988, at *2 (N.D. Tex. Nov. 2, 2017). However, district courts in this Circuit have presumed that a defendant can be vicariously liable for TCPA violations under general common law agency principles. "To find that a common-law agency relationship existed, the alleged facts must indicate that the principal has control over the agent's acts." *Cunningham v. Lifestyles Dev., LLC*, 419CV00006ALMCAN, 2019 WL 4282039, at *4 (E.D. Tex. Aug. 8, 2019). Moreover, the "[t]hree theories of agency [that] could support a claim for vicarious liability [are]: (1) actual authority; (2) apparent authority; and (3) ratification." *Id*. While the Complaint is not clear as to what agency theory Plaintiff pursues his claim for vicarious liability under, it appears that he has attempted to make out a case for actual authority and/or ratification. (*See* Doc. 12, ¶¶ 21, 22) Plaintiff's allegations are insufficient under any theory.

To sufficiently establish an agency relationship—and thereby a claim for vicarious liability—Plaintiff must allege factual allegations regarding his relationship with the purported agents/callers—broad, general allegations are not sufficient. *Cunningham*, 2019 WL 4282039, at *4. As mentioned above, Plaintiff has failed to even allege any facts in his Complaint identifying who the alleged agents of MultiPlan are. The Complaint merely includes a few vague references to employees, agents, and contractors of MultiPlan. There are no facts alleged indicating how MultiPlan asserted control over any of these unnamed agents. In fact, the Complaint is completely devoid of any facts showing that MultiPlan had control over any alleged agent or alleged caller. Plaintiff has also not plausibly alleged the existence of a contractual agreement governing the

relationship of MultiPlan and these unnamed agents.  Moreover, to the extent Plaintiff relies on any statements made by the purported callers—to which the Complaint only alludes to once with no allegations that the purported callers identified themselves as calling on behalf of MultiPlan— any such allegations are insufficient as "only the words or conduct of the alleged principal, not the alleged agent, establish the [actual or apparent] authority of an agent." *Id*. at *5 (quoting *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1064 (7th Cir. 2000)).  In short, Plaintiff does not allege any plausible facts supporting a claim premised on a theory of vicarious liability. Under these circumstances, Plaintiff's TCPA claim based on an alleged theory of vicarious liability fails as a matter of law.  *See Cunningham*, 2019 WL 4282039, at *4-5; *see also Callier v. SunPath Ltd.*, EP-20-CV-00106-FM, 2020 WL 10285659, at *3-4 (W.D. Tex. Aug. 10, 2020).

Furthermore, based on the contentions regarding AFSLIC made in Plaintiff's Opposition (which are absent from his actual Complaint), Plaintiff will never be able to plausibly state a TCPA claim based on vicarious liability against MultiPlan because AFSLIC is not an agent of MultiPlan. To be clear, AFSLIC is not a client of MultiPlan. (Exh. 1; Decl. of Gonzalez, ¶ 5)  MultiPlan does not have a contractual agreement with AFSLIC.  *Id.* In fact, MultiPlan does not even receive any premiums from AFSLIC, or any type of payments from AFSLIC.  *Id.*  Plaintiff's arguments that MultiPlan is vicariously liable for these alleged calls because it benefits from calls made by its "agent" AFSLIC lack all merit.  Thus, amendment would be futile, and Plaintiff's TCPA claims should be dismissed with prejudice for failure to state a claim.

Finally, without a viable TCPA claim, Plaintiff's state law claim must be dismissed with prejudice as well.  *See Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) ("The Texas TCPA proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of the Texas TCPA.").

**III.     Conclusion**

For these reasons, and for the reasons originally espoused in Defendant MultiPlan, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint, Plaintiff's Third Amended Complaint should be dismissed in its entirety for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Dated: August 9, 2021.

Respectfully submitted,

*/s/ Jennifer K. Clewis*
Jennifer K. Clewis
State Bar No. 24097509
**PHELPS DUNBAR LLP**
Southlake Town Square
115 Grand Avenue, Suite 222
Southlake, Texas  76092-7629
Telephone: (817) 305-0342
Facsimile: (817) 488-3214
jennifer.clewis@phelps.com

**ATTORNEYS FOR MULTIPLAN, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of August 2021, I electronically filed the enclosed Reply Brief in Support of Motion to Dismiss Plaintiff's Third Amended Complaint and attached exhibits, and this Certificate of Service, through the Court's CM/ECF filing system, and one copy of same was served upon Plaintiff via e-mail.

*/s/ Jennifer K. Clewis*
Jennifer K. Clewis