IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS B. HORTON, | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | Case No. 3:21-CV-1542-S-BK |
| | § | |
| MULTIPLAN, INC., | § | |
|    DEFENDANT. | § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States Magistrate Judge for pretrial management. Doc. 5. Before the Court is Defendant *Multiplan, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint*. Doc. 14. Upon review, the motion should be **DENIED**.

### I. BACKGROUND

Plaintiff Lucas Horton filed *pro se* petition in state court against Defendant Multiplan, Inc. Doc. 1-5 at 1-7. Defendant removed the case to this Court based on federal question jurisdiction, Doc. 1 at 2, after which Plaintiff filed his third amended complaint asserting Defendant violated the Telephone Consumer Protection Act ("TCPA")—47 U.S.C. § 227(b), (c)—and analogous Texas state law, Doc. 12 at 4. Plaintiff seeks statutory damages in the amount of $3,000 per call received, together with costs, injunctive relief, and pre- and post-judgment interest. Doc. 12 at 4. Defendant filed the instant motion arguing that the Court does not have subject matter jurisdiction to hear this case or, in the alternative, that Plaintiff has failed to state a claim upon which relief can be granted. Doc. 14.

## II. FACTS

Defendant contracts with third-party payors to provide health care cost-management solutions.  Doc. 14 at 8.  Plaintiff, owner of the business Valeria Fine Jewelry, added the cell phone number at issue in this case to the national "Do Not Call" list in 2011.  Doc. 12 at 3; Doc. 14 at 8.  Plaintiffs complains of unsolicited, pre-recorded phone calls from Defendant—or at least on Defendant's behalf—that were not made with prior express consent.  Doc. 12 at 3.  The calls allegedly occurred between August and October 2019, and each included a "prerecorded message offering health insurance."  Doc. 12 at 3.  Plaintiff asserts he completed a "dummy sale" during one call, in which he purchased an insurance policy to ascertain Defendant's identity.  Doc. 12 at 3.

Defendant counters that its "clients are not individual consumers."  Doc. 14 at 8.  Defendant avers that, for that reason, it "does not telemarket to individuals via telephone, electronic mail, fax, or any other means"—thus, "any health insurance being marketed by an individual over the phone is not being offered by MultiPlan or any entity on behalf of MultiPlan."  Doc. 14 at 8-9 (citation omitted).

## III. APPLICABLE LAW

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction.  *See* FED. R. CIV. P. 12(b)(1).  A court must dismiss a complaint if it lacks subject matter jurisdiction.  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).  A plaintiff always has the burden to show jurisdiction exists.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted).  If subject matter jurisdiction is lacking, a court can dismiss a claim based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the [non-moving party]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). However, the court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citation and quotation marks omitted). To survive a motion to dismiss, a party's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, courts must consider the jurisdictional challenge first. *Randall D. Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

In relevant part, the TCPA makes it unlawful to "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or prerecorded voice . . . to any telephone number assigned to . . . a cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

### IV.  ANALYSIS

#### A. The Court Has Subject Matter Jurisdiction.

Defendant offers three reasons it believes the Court lacks subject matter jurisdiction: (1) the automated call ban in section 227(b)(1)(A)(iii) was unconstitutional at the time Plaintiff

allegedly received the calls; (2) the telephone number Plaintiff uses is a business number that falls outside of the TCPA's protection; and (3) Plaintiff, as a "prolific filer of TCPA lawsuits," cannot bring this claim. Doc. 14 at 11. The Court analyzes the second and third factors together after addressing the constitutionality of section 227(b)(1)(A)(iii).

### *(i) Section 227(b)(1)(A)(iii) Was Not Wholly Unconstitutional.*

In 2015, Congress added a government-debt exception to the general robocall restriction in TCPA section 227(b)(1)(A)(iii). *Barr v. Am. Ass'n Pol. Consultants (AAPC)*, 140 S. Ct. 2335, 2344-45 (2020). Five years later, in *AAPC*, "six Justices found the government-debt exception of [section] 227(b)(1)(A)(iii) violative of the First Amendment . . . and seven Justices concluded that the pre-2015 version [of the statute] should remain operative following invalidation and severance of the government-debt exception." *Cunningham v. Matrix Fin. Servs., LLC*, 531 F. Supp. 3d 1164, 1170 (E.D. Tex. 2021) (citing *AAPC*, 140 S. Ct. at 2343-44).

Defendant argues that the *AAPC* decision divests the Court of subject matter jurisdiction because the Supreme Court declared the TCPA unconstitutional from 2015 to the time of its opinion—during which time the government-debt exception was in the statute and the calls were made to Plaintiff. Doc. 14 at 11-14. This constitutionality issue was not directly addressed in *AAPC* by a majority of Justices; Justice Kavanaugh's plurality opinion included a footnote that has led to disparate results in lower courts. It reads:

> As the Government acknowledges, although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of final judgment by the District court on remand in this case, or such date that the lower courts determine is appropriate. On the other side of the ledger, *our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction*.

*AAPC*, 140 S. Ct. at 2355 n.12 (emphasis added) (internal citation omitted).  A number of courts have noted "these two propositions cannot simultaneously be true." *E.g.*, *Cano v. Assured Auto Grp.*, No. 3:20-CV-3501-G, 2021 WL 3036933, at *7 (N.D. Tex. July 19, 2021) (Fish, J.).  "This conundrum leaves lower courts with three options: 1) apply footnote twelve as written and accept the attendant problems with doing so; 2) accept the first portion and reject the second . . . ; or 3) reject the first portion and accept the second." *Id.*  District judges in this Court and the Southern and Western Districts of Texas have elected to follow the third approach, as does the undersigned here.  *See id.*; *Thomas v. Life Protect 24/7 Inc.*, No. 4:20-CV-03612, 2021 WL 4127144 (S.D. Tex. Sept. 10, 2021); *Samataro v. Keller Williams Realty, Inc.*, No. 1:18-CV-775-RP, 2021 WL 4927422 (W.D. Tex. Sept. 27, 2021); *but see Matrix Fin. Servs., LLC*, 531 F. Supp. 3d at 1177-78 (finding "that from the time of the exception's enactment until the Supreme Court's decision in AAPC, § 227(b)(1)(A)(iii) was constitutionally deficient and therefore unenforceable").

In order to maintain Congress's intent in creating the TCPA, the Court concludes here that the government-debt exception is severable from the rest of section 227(b)(1)(A)(iii).[1]  Thus, the section retroactively applies to cover other types of robocalls made from 2015 to 2020.  *See Cano*, 2021 WL 3036933, at *8-9.  "When a court finds a law unconstitutional, it finds that it is void, and is as no law from the day it is passed," meaning "[i]t never took effect as written." *Id.* at *6 (cleaned up).  Therefore, in finding the government-debt exception unconstitutional, the

---

[1] The Court disagrees with the argument offered in other opinions on this matter, that severance is "quasi-legislative"—rather, "severance is just ordinary statutory interpretation, something squarely within the judicial power." *Cano*, 2021 WL 3036933, at *19 (citing *Matrix Fin. Servs., LLC*, 2021 WL 1226618, at *6).  Further, the line of logic promoted by these other opinions "necessarily means that the government-debt exception was in force until excised by the Supreme Court," which is beyond the judicial power.  *Id.* at *17.

*AAPC* "Court did not *cure* anything," but rather found that the exception was "not law at all, because the Court's authority on this front amounts to little more than the negative power to disregard an unconstitutional enactment." *Id.* at *6 ("[T]here was nothing for the Court to cure because the exception was never law.") (quoting *AAPC*, 140 S. Ct. at 2351 n.8 (internal citations omitted)). Using the Supreme Court's *AAPC* severability analysis, "the 2015 amendment was void *ab initio*, and the pre-amendment statute should be treated as *the* valid expression of legislative intent." *Id.* at *8 (cleaned up) (emphasis in original) (quotation omitted). In sum, rather than one bad-apple exception spoiling the whole TCPA barrel, "the *law* is [s]ection 227(b)(1)(A)(iii) without the government-debt exception." *Id.* at *9 (citing *AAPC*, 140 S. Ct. at 2356) (emphasis in original). Accordingly, the Court "does have subject-matter jurisdiction to hear [Plaintiff's] TCPA claims," and Defendant's argument fails. *Id.*

### *(ii) Plaintiff Has Standing.*

Defendant next alleges Plaintiff does not have standing because, first, he used his cell phone number for both personal and business matters and, second, he is a "prolific filer" under the TCPA. Doc. 14 at 17-22. A plaintiff's standing is a "threshold jurisdictional requirement," for which the plaintiff must show that he: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Ctr. for Biological Diversity v. U.S. Env't Prot. Agency*, 937 F.3d 533, 536 (5th Cir. 2019) (quoting *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018)). Congress, through the TCPA, created standing for certain individuals who suffer the intrusive injury of prerecorded phone calls. *See Cunningham v. Mark D. Guidubaldi & Assocs., LLC*, No. 4:18-CV-00118-ALM-CAN, 2019 WL 1119365, at *3-4 (E.D. Tex. Jan. 11, 2019).

Defendant argues Plaintiff lacks standing because the phone number at issue is—or was—used for his business, Valeria Fine Jewelry. Doc. 14 at 19-21. First, there is no indication in the complaint when the phone number was used for Valeria Fine Jewelry. Still, "the TCPA addresses 'nuisance and invasion of privacy' in a variety of other non-residential contexts." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 691 (5th Cir. 2021). In enacting the TCPA, Congress desired to "remediate 'nuisance and invasion of privacy' in a broader set of circumstances, not just in the home." *Id.* ("[T]he TCPA cannot be read to regulate unsolicited telemarketing only when it affects the home."). The TCPA "anticipates damages on an individual basis because the contemplated plaintiff is an individual natural person *or business* with a limited number of phone lines on which it might receive telemarketing calls." *Cunningham v. TechStorm, LLC*, No. 3:16-CV-2879-S-BH, 2018 WL 3118400, at *5 (N.D. Tex. May 29, 2018) (Ramirez, J.) (emphasis added) (citations omitted), *adopted by* 2018 WL 3117529 (N.D. Tex. June 25, 2018) (Scholer, J.). Accordingly, whether Plaintiff's cell phone number was also being used for his business at the time the calls were received is immaterial to his claims.

Defendant next argues Plaintiff lacks standing because he is a prolific filer of TCPA suits. Doc. 14 at 21-22. The Court has squarely rejected the argument that because prolific filers turn telephone solicitations into money makers, they are not harmed and thus cannot bring a TCPA suit. *Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 126 (N.D. Tex. 2020). That a plaintiff has filed numerous TCPA claims does not alone divest that plaintiff of standing to sue. *Id.* (providing that, "[e]ven if a plaintiff may justifiably be called a 'professional TCPA plaintiff,' this designation does not strip away his Article III standing," especially when he asked to be put on a "Do Not Call" list and never called the defendant back); *Mark D. Guidubaldi & Assocs., LLC*, 2019 WL 1119365, at *3 (finding that, in the early stages of litigation when there was no

indication the plaintiff obtained the phone number at issue solely for TCPA purposes, the plaintiff had standing).

Here, Plaintiff alleges his phone number was on a "Do Not Call" list and there is no indication that he ever called Defendant. Thus, Plaintiff's other TCPA suits do not block him from proceeding with the instant case. Accordingly, Defendant's arguments fail.

### B. Plaintiff Sufficiently States a Claim.

Defendant also alleges Plaintiff cannot state a claim because (1) Plaintiff failed to plead it was Defendant that called him; (2) robocalls made to a cell phone are not prohibited by section 227(b)(1)(B) or (c) of the TCPA; and (3) Plaintiff cannot state a claim under Texas law because he fails to state a claim under the TCPA. Doc. 14 at 22-27.

### *(i) Plaintiff Adequately Pled Defendant Called Him.*

Contrary to Defendant's argument, "[t]o state a claim under the TCPA for calls made to a cellular phone, a plaintiff is required to allege that a call was made to a cell or wireless phone by the use of . . . an artificial or prerecorded voice and without prior express consent of the called party." *TechStorm, LLC*, 2018 WL 3118400, at *3 (citing *see* 47 U.S.C. § 227(b)(1)(A)(iii), (B)). A defendant's liability does not need to be *probable* on the face of the complaint but should show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, because Plaintiff proceeds *pro se*, the Court construes the allegations of his complaint liberally. *See Haynes v. Kerner*, 404 U.S. 519, 520-21 (1972); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). In his complaint, Plaintiff avers that, "[s]pecifically, Defendant (or a third-party acting on its behalf and for its benefit) places unsolicited telemarketing calls to consumers that sometimes feature an artificial and/or prerecorded voice." Doc. 12 at 1. Beyond that, Plaintiff provides phone numbers for the calls he

received, alleges each of those calls "featured a prerecorded message offering health insurance from a generic company name," and that one call "resulted in the purchase of a health insurance plan." Doc. 12 at 1, 3. These allegations meet Plaintiff's pleading burden as a *pro se* litigant by showing more than a sheer possibility that Defendant acted unlawfully.

### *(ii) The TCPA Prohibits Calls Made to Cell Phones.*

As to Defendant's second argument, the TCPA prohibits calls using artificial or prerecorded voices made to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). "In plain English, the TCPA prohibit[s] almost all robocalls to cell phones." *Barr*, 140 S. Ct. at 2344. The Fifth Circuit opined that the TCPA as a whole applies to calls received by cellular phones—references to "*residential* telephones" are inconsequential. *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 690-91 (5th Cir. 2021); 47 U.S.C. §§ 227(b)(1)(B), (c)(1) (referencing "residential" telephone numbers specifically). Specifically, it reasoned that if the TCPA "only prohibited nuisances *in the home*," its provisions prohibiting "telemarketing to mobile devices designed for use *outside of the home*" would make little sense. *Id.* at 691 (emphasis in original). Further, the Fifth Circuit noted that throughout the TCPA, "nuisance and invasion of privacy" are addressed in "a variety of other non-residential contexts" and that the TCPA does not limit its enforcing agency "to considering nuisances and privacy only in the home." *Id.* These all support the idea that "the TCPA cannot be read to regulate unsolicited telemarketing only when it affects the home." *Id.* Calls—or even text messages—received on cellular phones have a close relationship to common law public nuisance—plaintiffs bringing

9

TCPA claims for such harms desire to "use our Nation's telecommunications infrastructure without harassment" and allege "a special harm not suffered by the public at large." *Id.* at 692.

### *(iii) Plaintiff Can State a Claim Under Texas Law.*

Finally, Defendant's argument that Plaintiff has not sufficiently pled a Texas state law violation lacks merit. Plaintiff argues, albeit not clearly, for Defendant's liability under Texas Business and Commerce Code section 305. Under this law, "[a] person who receives a communication that violates 42 U.S.C. section 227 . . . may bring an action in this state against the person who originates the communication for . . . damages in the amount provided by this section." TEX. BUS. & COM. CODE § 305.053(a)(2). Thus, by establishing a 47 U.S.C. § 227 violation, a party establishes a violation under the Texas statute. *See Cunningham v. Arco Media Inc.*, No. 4:19-CV-901-RWS-CAN, 2020 WL 2310021, at *3 (E.D. Tex. April 3, 2020) (citation omitted). Because the Court has found Plaintiff sufficiently pleads a section 227 violation, he consequently also pleads a section 305 violation. *Cf. Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 WL 2519702, at *7 (E.D. Tex. April 26, 2019) (finding a plaintiff could not bring a section 305 claim when his federal TCPA claim failed). Plaintiff has a facially plausible claim against Defendant for the calls to his cell phone under Texas law.

### V. CONCLUSION

For the reasons outlined here, Defendant *Multiplan, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint*, Doc. 14, should be **DENIED**.

**SO RECOMMENDED** on November 24, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).