**AMENDED COMPLAINT**

3:21-cv-01542-S

| | | |
|---|---|---|
| **LUCAS HORTON,** § | | **US DISTRICT COURT** |
| **Plaintiff,** § | | |
| v. § | | |
| § | | **NORTHERN DISTRICT OF** |
| **Multiplan, Inc** § | | **TEXAS** |
| § | | |
| **Defendant.** § | | |

**JURISDICTION & VENUE**

1. The Court has subject matter jurisdiction over this action pursuant Texas Business and Commerce Code 305.053 ("TX 305") and 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA").

**PARTIES**

2. Plaintiff is an individual who resides in Dallas, Dallas County, Texas.

3. Defendant is a corporation incorporated and existing under the laws of the State of New York whose primary place of business and corporate headquarters is located at 115 5th Ave 7th Floor, New York, New York 10003

**COMMON FACTUAL ALLEGATIONS**

4. Defendant and its proxies place unwanted telemarketing calls to solicit consumers to purchase health insurance that it is a party to.

5. All of the calls at issue in this case were made on behalf of, for the benefit of, and with the knowledge and approval of Defendant.

6. Unfortunately for consumers, Defendant, in an attempt to sell more health insurance, engages in an aggressive telemarketing campaign that includes violating the TCPA thousands of times a day.

7. Specifically, Defendant (or a third-party acting on its behalf and for its benefit) places unsolicited telemarketing calls to consumers that sometimes feature an artificial and/or prerecorded voice.

8. *Rather* than adhere to the requisite rules regarding obtaining consent prior to engaging in telemarketing, Defendant (or a third-party acting on its behalf or for its benefit) places repeated calls to consumers who have never provided consent (either orally or in writing) to receive such calls. By placing the calls without first obtaining prior express written consent, Defendant plainly violates of the TCPA, 47 U.S.C. § 227, *et seq* and also TX 305.

9. By making unauthorized telemarketing calls as alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost ability to place outgoing calls and other interruption in use, cellular minutes, loss of value realized for the monies consumers paid to their carriers for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans.

10. Furthermore, Defendant (or a third-party acting on its behalf and for its benefit) made the calls knowing that the calls trespassed against and interfered with Plaintiff use and enjoyment of, and the ability to access, their telephones, including the related data, software, applications, and hardware components.

11. Defendant or its proxies knowingly made, and continues to make, repeated prerecorded telemarketing calls to consumers' telephones without the prior express consent of the recipients.

12. As such, Defendant not only invaded the personal privacy of Plaintiff it also intentionally, repeatedly, and willfully violated the TCPA.

13. The calls were made by or on Defendant's behalf and with its knowledge and approval. Defendant either knew about the calls, received the benefits of the calls, directed that the calls be made, and/or ratified the making of the calls.

14. The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case.

15. In response to Defendant's unlawful conduct, Plaintiff files the lawsuit and seeks an injunction requiring Defendant and its proxies to cease all unsolicited telephone

calling activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

16. Defendant is involved in multiple class action lawsuits for violating the TCPA such as *PHYSICIANS HEALTHSOURCE, INC v Multiplan*, *Callier v Multiplan*, *and Liou v Multiplan*.  This demonstrates a proven track record of disregard for the TCPA.

### 1. FACTS SPECIFIC TO PLAINTIFF

17. Plaintiff is the owner and customary user of a cellphone number ending in 3341.

18. Plaintiff has been on the national DNC list since 2011.

19. At no time did Plaintiff ever provide his cellphone number to Defendant or provide Defendant, or any of Defendant's agents or contractors, with prior express consent to call.

20. Plaintiff was called by 779-680-8982 on 8/29/2019, 737 238-2962 on 9/18/2019 and 9/23/2019, and 925-239-0571 on 10/4/2019.  Each of these calls featured a prerecorded message offering health insurance from a generic company name.  After pressing 2 on the 10/4/2019 call, Plaintiff pressed 2 to talk to an operator and tried to buy insurance to find out who was behind the call.  Plaintiff went along with the process until the operator asked him to release him of any TCPA liability.  Plaintiff balked and was hung up on. On 10/14/2019, Plaintiff was called by 888-636-3834 and this time completed a dummy sale to identify the caller, resulting in the purchase of a health insurance plan with a Member ID of HCP4715900 and a Group Number of 001AFXH.
Plaintiff purchased an insurance policy to see who was behind the illegal calls.

21. The call was made by or on behalf of Defendant for the purpose of selling Defendant's products and services. Here, the call was made by employees or agents of Defendant, at the direction of Defendant, in accordance with a contract with Defendant, and with Defendant's substantial oversight and control.

22. Defendant knew about the calls, directed the making of the calls, ratified the calls by approving them and/or knowingly receiving the benefits from them, and otherwise benefitted from the calls.

23. All of the calls attempted to solicit Plaintiff to purchase the health insurance plans

       that Defendant is party to and directly benefits from each month the Plaintiff paid the premium.

24. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendant, had never provided his telephone number directly to Defendant, and had never requested that Defendant place calls to him or to offer him any services.

25. Simply put, Plaintiff has never provided any form of prior express consent to Defendant, or to anyone acting on Defendant's behalf, to place telemarketing calls to his phone number.

26. Defendant was, and still is, aware that the above-described telemarketing calls were made to consumers like Plaintiff who never provided prior express consent to receive them.

27. By making unsolicited calls as alleged herein, Defendant has caused Plaintiff actual harm, including: (a) the aggravation, nuisance, and invasions of privacy that result from the placement of such calls, (b) wear and tear on their telephones, (c) interference with the use of their phones, (d) consumption of battery life, (e) loss of value realized for monies consumers paid to their wireless carriers for the receipt of such calls, and (f) the diminished use, enjoyment, value, and utility of their telephone plans.

28. Furthermore, Defendant made the calls knowing they trespassed against and interfered with Plaintiff's use and enjoyment of, and the ability to access their phones, including the related data, software, and hardware components.

29. To redress these injuries, Plaintiff makes a claim under both 47 U.S.C. §227(c) and 47 U.S.C. §227(b), which provide 2 separate private rights of action against unsolicited telemarketing calls to consumers' telephones and demands $3000 per call ($15,000 total) together with costs and post-judgment interest.

30. Texas Business & Commerce Code 302.101(a) states that "A seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." " A person who violates this chapter is

subject to a civil penalty of not more than $5000 for each violation." *Id.* § *302.302.*

31. Multiplan, Inc does not have the required license to be calling Texas. See Exhibit A.

Jan 5th, 2022                    Respectfully submitted,

_____
Lucas Horton
Lucas@valeriafinejewelry.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (214) 909-3341

**CERTIFICATE OF SERVICE**

The undersigned certifies that Jan 5th, 2022, a true and correct copy of the foregoing document has been served upon Defendant via electronic service.

Jennifer Kristin Clewis
jennifer.clewis@phelps.com

(Attorney For Defendant)

_____